# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| CEATS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| CONTINENTAL AIRLINES, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Ceats, Inc. hereby brings this complaint for patent infringement against Continental Airlines, Inc., and alleges as follows:

## PARTIES

1.      Plaintiff Ceats, Inc. ("CEATS") is a Nevada corporation with its principal place of business at Tyler, Texas.

2.      On information and belief, Defendant Continental Airlines, Inc. ("Continental") is a Delaware corporation with its principal place of business at Houston, Texas.  On information and belief, Continental conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.continental.com.

## JURISDICTION AND VENUE

3.      This action is for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271(a), (b), and (c).  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      The Court has personal jurisdiction over the Defendant.  Among other reasons, upon information and belief, Defendant has done business in this judicial district, has continuous and systematic contacts with this district, has committed and continue to commit acts of patent infringement in this judicial district, and has harmed and continue to harm CEATS in this judicial district by, among other things, using infringing seat selection ticketing and reservation systems and/or methods to offer for sale and to sell tickets in this judicial district.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other reasons, Defendant is subject to personal jurisdiction and has committed acts of patent infringement in this judicial district.

### GENERAL ALLEGATIONS

6.      On November 18, 2008, U.S. Patent No. 7,454,361 B1 ("the '361 patent") was issued by the United States Patent and Trademark Office ("USPTO") for an "Individual Seat Selection Ticketing and Reservation System."  A copy of the '361 patent is attached as Exhibit A.

7.      CEATS is the owner by assignment of the '361 patent and has the right to bring an action for infringement of the '361 patent.

8.      On June 16, 2009, U.S. Patent No. 7,548,870 B2 ("the '870 Patent") was issued by the USPTO for a "System and Method for Selecting and Reserving Airline Seats."  A copy of the '870 patent is attached as Exhibit B.

9.      CEATS is the owner by assignment of the '870 patent and has the right to bring an action for infringement of the '870 patent.

10.      On February 9, 2010, U.S. Patent No. 7,660,728 B2 ("the '728 patent") was issued by the United States Patent and Trademark Office ("USPTO") for a "System and Method for Selecting and Reserving Airline Seats."  A copy of the '728 patent is attached as Exhibit C.

11.     CEATS is the owner by assignment of the '728 patent and has the right to bring an action for infringement of the '728 Patent.

12.     On February 9, 2010, U.S. Patent No. 7,660,729 B2 ("the '729 patent") was issued by the United States Patent and Trademark Office ("USPTO") for a "System and Method for Selecting and Reserving Airline Seats."  A copy of the '729 patent is attached as Exhibit D.

13.     CEATS is the owner by assignment of the '729 patent and has the right to bring an action for infringement of the '729 patent.

14.     On February 16, 2010, U.S. Patent No. 7,664,663 B2 ("the '663 patent") was issued by the United States Patent and Trademark Office ("USPTO") for a "System and Method for Displaying Airline Seats."  A copy of the '663 patent is attached as Exhibit E.

15.     CEATS is the owner by assignment of the '663 Patent and has the right to bring an action for infringement of the '663 Patent.

## COUNT I – INFRINGEMENT OF THE '361 PATENT

16.     CEATS restates and re-alleges each of the allegations in each of the previous paragraphs 1-28 of this complaint and incorporates them herein.

17.     Defendant Continental has infringed and continues to infringe – directly, contributorily, and/or by active inducement – one or more claims of the '361 Patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that embody or practice the inventions claimed in the '361 Patent.  Such systems and methods include certain seat selection ticketing and reservation systems and methods since November 18, 2008, including its website www.continental.com.

18.     For example, Defendant directly infringes the '361 patent by operating its server(s) and/or database(s) for its corresponding website identified herein, or alternatively,

indirectly infringes the '361 patent by contributing to and/or actively inducing others to operate server(s) and/or database(s) for its corresponding website identified herein.

19.     This infringement of the '361 Patent has injured and continues to injure CEATS, and will cause irreparable harm unless such infringement is enjoined.

## COUNT II –INFRINGEMENT OF THE '870 PATENT

20.     CEATS restates and re-alleges each of the allegations in each of the previous paragraphs 1-28 of this complaint and incorporates them herein.

21.     Defendant Continental has infringed and continues to infringe – directly, contributorily, and/or by active inducement – one or more claims of the '870 Patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that embody or practice the inventions claimed in the '870 Patent.  Such systems and methods include certain seat selection ticketing and reservation systems and methods since June 16, 2009, including its website www.continental.com.

22.     For example, Defendant directly infringes the '870 patent by operating its server(s) and/or database(s) for its corresponding website identified herein, or alternatively, indirectly infringes the '870 patent by contributing to and/or actively inducing others to operate server(s) and/or database(s) for its corresponding website identified herein.

23.     This infringement of the'870 Patent has injured and continues to injure CEATS, and will cause irreparable harm unless such infringement is enjoined.

## COUNT III –INFRINGEMENT OF THE '728 PATENT

24.     CEATS restates and re-alleges each of the allegations in each of the previous paragraphs 1-28 of this complaint and incorporates them herein.

25.     Defendant Continental has infringed and continues to infringe – directly, contributorily, and/or by active inducement – one or more claims of the '728 Patent, by making,

importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that embody or practice the inventions claimed in the '728 Patent.  Such systems and methods include certain seat selection ticketing and reservation systems and methods since February 9, 2010, including its website www.continental.com.

26.     For example, Defendant directly infringes the '728 patent by operating its server(s) and/or database(s) for its corresponding website identified herein, or alternatively, indirectly infringes the '728 patent by contributing to and/or actively inducing others to operate server(s) and/or database(s) for its corresponding website identified herein.

27.     This infringement of the'728 Patent has injured and continues to injure CEATS, and will cause irreparable harm unless such infringement is enjoined.

## COUNT IV –INFRINGEMENT OF THE '729 PATENT

28.     CEATS restates and re-alleges each of the allegations in each of the previous paragraphs 1-28 of this complaint and incorporates them herein.

29.     Defendant Continental has infringed and continues to infringe – directly, contributorily, and/or by active inducement – one or more claims of the '729 Patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that embody or practice the inventions claimed in the '729 Patent.  Such systems and methods include certain seat selection ticketing and reservation systems and methods since February 9, 2010, including its website www.continental.com.

30.     For example, Defendant directly infringes the '729 patent by operating its server(s) and/or database(s) for its corresponding website identified herein, or alternatively, indirectly infringes the '729 patent by contributing to and/or actively inducing others to operate server(s) and/or database(s) for its corresponding website identified herein.

31.     This infringement of the'729 Patent has injured and continues to injure CEATS, and will cause irreparable harm unless such infringement is enjoined.

### COUNT V –INFRINGEMENT OF THE '663 PATENT

32.     CEATS restates and re-alleges each of the allegations in each of the previous paragraphs 1-28 of this complaint and incorporates them herein.

33.     Defendant Continental has infringed and continues to infringe – directly, contributorily, and/or by active inducement – one or more claims of the '663 Patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that embody or practice the inventions claimed in the '663 Patent.  Such systems and methods include certain seat selection ticketing and reservation systems and methods since February 16, 2010, including its website www.continental.com.

34.     For example, Defendant directly infringes the '663 patent by operating its server(s) and/or database(s) for its corresponding website identified herein, or alternatively, indirectly infringes the '663 patent by contributing to and/or actively inducing others to operate server(s) and/or database(s) for its corresponding website identified herein.

35.     This infringement of the'663 Patent has injured and continues to injure CEATS, and will cause irreparable harm unless such infringement is enjoined.

### PRAYER FOR RELIEF

WHEREFORE, CEATS prays for judgment and relief as follows:

A.     Judgment that Defendant Continental has infringed the '361 patent;

B.     Judgment that Defendant Continental has infringed the '870 patent;

C.     Judgment that Defendant Continental has infringed the '728 patent;

D.     Judgment that Defendant Continental has infringed the '729 patent;

E.     Judgment that Defendant Continental has infringed the '663 patent;

F.      an award of preliminary and permanent injunctions enjoining Defendant, and its agents, servants, officers, directors, employees, and persons or entities acting in concert with Defendant, from infringing directly or indirectly, inducing others to infringe, and/or contributing to the infringement of the '361, '870, '728, '729, and the '663 patents;

G.      An award to CEATS for the damages necessary to compensate it for Defendant's infringement of the '361, '870, '728, '729, and/or the '663 patents pursuant to 35 U.S.C. § 284;

H.      An award to CEATS of enhanced damages for the willful infringement of the '361, '870, '728, '729, and/or the '663 patents pursuant to 35 U.S.C. § 284;

I.      An award to CEATS of its attorneys' fees, costs, expert witness fees, and expenses incurred by CEATS in connection with this action pursuant to 35 U.S.C. § 285;

J.      prejudgment and post-judgment interest; and

K.      any other and further relief as the Court deems equitable and appropriate.

## **DEMAND FOR JURY TRIAL**

CEATS hereby demands a trial by jury on all issues so triable.

Dated: April 5, 2010

MCDERMOTT WILL & EMERY LLP

/s/ Fay E. Morisseau

Fay E. Morisseau (Texas Bar No. 14460750)
1000 Louisiana Street, Suite 3900
Houston, TX 77002-5005
(713) 653-1700
Email: fmorisseau@mwe.com
*Counsel for CEATS, Inc.*

Daniel R. Foster
Christopher D. Bright
MCDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA  92612-7107
(949) 757-7103
Email: dfoster@mwe.com
Email: cbright@mwe.com

Michael S. Nadel
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C., 20005-3096
(202) 756-8000
Email: mnadel@mwe.com

ORC 478459-2.086484.0011