**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CEATS, INC.,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**CONTINENTAL AIRLINES, INC., et al.,**<br><br>   **Defendants.** | **6:10-CV-120 (LED)** |

## ALL NIPPON'S SECOND AMENDED ANSWER AND COUNTERCLAIMS
## TO CEATS'S FIRST AMENDED COMPLAINT

Defendant All Nippon Airways Co., Ltd. ("All Nippon") files this Second Amended Answer and Counterclaims to Plaintiff CEATS, Inc.'s ("CEATS") First Amended Complaint ("Complaint"). All Nippon denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs:

## PARTIES

1. All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2. Paragraph 2 does not require a response by All Nippon. To the extent that Paragraph 2 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2 and therefore denies the same.

3. Paragraph 3 does not require a response by All Nippon. To the extent that Paragraph 3 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3 and therefore denies the same.

4. Paragraph 4 does not require a response by All Nippon. To the extent that Paragraph 4 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 4 and therefore denies the same.

5. Paragraph 5 does not require a response by All Nippon. To the extent that Paragraph 5 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5 and therefore denies the same.

6. Paragraph 6 does not require a response by All Nippon. To the extent that Paragraph 6 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

7. Paragraph 7 does not require a response by All Nippon. To the extent that Paragraph 7 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 7 and therefore denies the same.

8. Paragraph 8 does not require a response by All Nippon. To the extent that Paragraph 8 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 8 and therefore denies the same.

9. Paragraph 9 does not require a response by All Nippon. To the extent that Paragraph 9 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 9 and therefore denies the same.

10. Paragraph 10 does not require a response by All Nippon. To the extent that Paragraph 10 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 10 and therefore denies the same.

11. Paragraph 11 does not require a response by All Nippon. To the extent that Paragraph 11 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 11 and therefore denies the same.

12. Paragraph 12 does not require a response by All Nippon. To the extent that Paragraph 12 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 12 and therefore denies the same.

13. Paragraph 13 does not require a response by All Nippon. To the extent that Paragraph 13 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

14. All Nippon admits it is a foreign company with its principal place of business at Tokyo, Japan, and United States offices in Los Angeles, New York, San Francisco, Washington D.C., Chicago, and Honolulu. All Nippon admits it conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.ana.co.jp. Except as expressly admitted herein, All Nippon denies each and every allegation of Paragraph 14.

15. Paragraph 15 does not require a response by All Nippon. To the extent that Paragraph 15 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

16. Paragraph 16 does not require a response by All Nippon. To the extent that Paragraph 16 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17. Paragraph 17 does not require a response by All Nippon. To the extent that Paragraph 17 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18. Paragraph 18 does not require a response by All Nippon. To the extent that Paragraph 18 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 18 and therefore denies the same.

19. Paragraph 19 does not require a response by All Nippon. To the extent that Paragraph 19 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 19 and therefore denies the same.

20. Paragraph 20 does not require a response by All Nippon. To the extent that Paragraph 20 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 20 and therefore denies the same.

21. Paragraph 21 does not require a response by All Nippon. To the extent that Paragraph 21 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 21 and therefore denies the same.

22. Paragraph 22 does not require a response by All Nippon. To the extent that Paragraph 22 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 22 and therefore denies the same.

23. Paragraph 23 does not require a response by All Nippon. To the extent that Paragraph 23 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 23 and therefore denies the same.

24. Paragraph 24 does not require a response by All Nippon. To the extent that Paragraph 24 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 24 and therefore denies the same.

25. Paragraph 25 does not require a response by All Nippon. To the extent that Paragraph 25 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 25 and therefore denies the same.

26. Paragraph 26 does not require a response by All Nippon. To the extent that Paragraph 26 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 26 and therefore denies the same.

27. Paragraph 27 does not require a response by All Nippon. To the extent that Paragraph 27 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 27 and therefore denies the same.

28. Paragraph 28 does not require a response by All Nippon. To the extent that Paragraph 28 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 28 and therefore denies the same.

29. Paragraph 29 does not require a response by All Nippon. To the extent that Paragraph 29 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 29 and therefore denies the same.

30. Paragraph 30 does not require a response by All Nippon. To the extent that Paragraph 30 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 30 and therefore denies the same.

31. Paragraph 31 does not require a response by All Nippon. To the extent that Paragraph 31 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 31 and therefore denies the same.

32. Paragraph 32 does not require a response by All Nippon. To the extent that Paragraph 32 is deemed to require a response, All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 32 and therefore denies the same.

## JURISDICTION AND VENUE

33. All Nippon admits that this action is for patent infringement under the patent laws of the United States, Title 35 of the United States Code. All Nippon further admits that this Court has subject matter jurisdiction.

34. All Nippon admits the Court has personal jurisdiction. All Nippon admits it has done business in this judicial district, but denies All Nippon has committed acts of patent infringement in this judicial district or harmed CEATS in this judicial district. Except as expressly admitted herein, All Nippon denies each and every allegation of Paragraph 34. To the extent that Paragraph 34 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

35. All Nippon admits venue is proper. Except as expressly admitted herein, All Nippon denies each and every allegation of Paragraph 35. To the extent that Paragraph 35 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

**GENERAL ALLEGATIONS**

36. All Nippon admits the face of U.S. Patent No. 7,454,361 B1 (the "'361 patent") indicates the patent issued on November 18, 2008, from the United States Patent and Trademark Office and is entitled "Individual Seat Selection Ticketing and Reservation System." All Nippon admits a purported copy is attached to the Complaint as Exhibit A, but lacks knowledge sufficient to confirm or deny it is a true and correct copy. Except as expressly admitted herein, All Nippon denies each and every allegation of Paragraph 36.

37. All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 37 and therefore denies the same.

38. All Nippon admits the face of U.S. Patent No. 7,548,866 B2 (the "'866 patent") indicates the patent issued on June 16, 2009, from the United States Patent and Trademark Office and is entitled "Individual Seat Selection Ticketing and Reservation System." All Nippon admits a purported copy is attached to the Complaint as Exhibit B, but lacks knowledge sufficient to confirm or deny it is a true and correct copy. Except as expressly admitted herein, All Nippon denies each and every allegation of Paragraph 38.

39. All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 39 and therefore denies the same.

40. All Nippon admits the face of U.S. Patent No. 7,548,869 B2 (the "'869 patent") indicates the patent issued on June 16, 2009, from the United States Patent and Trademark Office and is entitled "System and Method for Selecting and Reserving Sets of Seats." All Nippon admits a purported copy is attached to the Complaint as Exhibit C, but lacks knowledge sufficient to confirm or deny it is a true and correct copy. Except as expressly admitted herein, All Nippon denies each and every allegation of Paragraph 40.

41. All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 41 and therefore denies the same.

42. All Nippon admits the face of U.S. Patent No. 7,548,870 B2 (the "'870 Patent") indicates the patent issued on June 16, 2009, from the United States Patent and Trademark Office and is entitled "System and Method for Selecting and Reserving Airline Seats." All Nippon admits a purported copy is attached to the Complaint as Exhibit D, but lacks knowledge sufficient to confirm or deny it is a true and correct copy. Except as expressly admitted herein, All Nippon denies each and every allegation of Paragraph 42.

43. All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 43 and therefore denies the same.

44. All Nippon admits the face of U.S. Patent No. 7,660,728 B2 (the "'728 patent") indicates the patent issued on February 9, 2010, from the United States Patent and Trademark Office and is entitled "System and Method for Selecting and Reserving Airline Seats." All Nippon admits a purported copy is attached to the Complaint as Exhibit E, but lacks knowledge sufficient to confirm or deny it is a true and correct copy. Except as expressly admitted herein, All Nippon denies each and every allegation of Paragraph 44.

45. All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 45 and therefore denies the same.

46. All Nippon admits the face of U.S. Patent No. 7,660,729 B2 (the "'729 patent") indicates the patent issued on February 9, 2010, from the United States Patent and Trademark Office and is entitled "System and Method for Selecting and Reserving Airline Seats." All Nippon admits a purported copy is attached to the Complaint as Exhibit F, but lacks knowledge

sufficient to confirm or deny it is a true and correct copy. Except as expressly admitted herein, All Nippon denies each and every allegation of Paragraph 46.

47.     All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 47 and therefore denies the same.

48.     All Nippon admits the face of U.S. Patent No. 7,664,663 B2 (the "'663 patent") indicates the patent issued on February 16, 2010, from the United States Patent and Trademark Office and is entitled "System and Method for Displaying Airline Seats." All Nippon admits a purported copy is attached to the Complaint as Exhibit G, but lacks knowledge sufficient to confirm or deny it is a true and correct copy. Except as expressly admitted herein, All Nippon denies each and every allegation of Paragraph 48.

49.     All Nippon lacks knowledge sufficient to confirm or deny the allegations of Paragraph 49 and therefore denies the same.

## COUNT I

50.     All Nippon restates its answers to each of the previous paragraphs 1-49 and incorporates them herein.

51.     All Nippon denies the allegations of Paragraph 51 directed at All Nippon. To the extent that Paragraph 51 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

52.     All Nippon denies the allegations of Paragraph 52 directed at All Nippon. To the extent that Paragraph 52 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

53. All Nippon denies the allegations of Paragraph 53 directed at All Nippon. To the extent that Paragraph 53 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

## COUNT II

54. All Nippon restates its answers to each of the previous paragraphs 1-49 and incorporates them herein.

55. All Nippon denies the allegations of Paragraph 55 directed at All Nippon. To the extent that Paragraph 55 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

56. All Nippon denies the allegations of Paragraph 56 directed at All Nippon. To the extent that Paragraph 56 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

57. All Nippon denies the allegations of Paragraph 57 directed at All Nippon. To the extent that Paragraph 57 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

## COUNT III

58. All Nippon restates its answers to each of the previous paragraphs 1-49 and incorporates them herein.

59. Paragraph 59 does not require a response by All Nippon. To the extent Paragraph 59 is deemed to require a response, All Nippon denies the same. To the extent that Paragraph 59 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

60. Paragraph 60 does not require a response by All Nippon. To the extent Paragraph 60 is deemed to require a response, All Nippon denies the same. All Nippon denies the allegations of Paragraph 60 directed at All Nippon. To the extent that Paragraph 60 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

61. Paragraph 61 does not require a response by All Nippon. To the extent Paragraph 61 is deemed to require a response, All Nippon denies the same. All Nippon denies the allegations of Paragraph 61 directed at All Nippon. To the extent that Paragraph 61 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

62. Paragraph 62 does not require a response by All Nippon. To the extent Paragraph 62 is deemed to require a response, All Nippon denies the same. All Nippon denies the allegations of Paragraph 62 directed at All Nippon. To the extent that Paragraph 62 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

## COUNT IV

63. All Nippon restates its answers to each of the previous paragraphs 1-49 and incorporates them herein.

64.     All Nippon denies the allegations of Paragraph 64 directed at All Nippon.  To the extent that Paragraph 64 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

65.     All Nippon denies the allegations of Paragraph 65 directed at All Nippon.  To the extent that Paragraph 65 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

66.     All Nippon denies the allegations of Paragraph 66 directed at All Nippon.  To the extent that Paragraph 66 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

## COUNT V

67.     All Nippon restates its answers to each of the previous paragraphs 1-49 and incorporates them herein.

68.     All Nippon denies the allegations of Paragraph 68 directed at All Nippon.  To the extent that Paragraph 68 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

69.     All Nippon denies the allegations of Paragraph 69 directed at All Nippon.  To the extent that Paragraph 69 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

70.     All Nippon denies the allegations of Paragraph 70 directed at All Nippon. To the extent that Paragraph 70 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

## COUNT VI

71.     All Nippon restates its answers to each of the previous paragraphs 1-49 and incorporates them herein.

72.     All Nippon denies the allegations of Paragraph 72 directed at All Nippon. To the extent that Paragraph 72 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

73.     All Nippon denies the allegations of Paragraph 73 directed at All Nippon. To the extent that Paragraph 73 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

74.     All Nippon denies the allegations of Paragraph 74 directed at All Nippon. To the extent that Paragraph 74 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

## COUNT VII

75.     All Nippon restates its answers to each of the previous paragraphs 1-49 and incorporates them herein.

76. All Nippon denies the allegations of Paragraph 76 directed at All Nippon. To the extent that Paragraph 76 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

77. All Nippon denies the allegations of Paragraph 77 directed at All Nippon. To the extent that Paragraph 77 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

78. All Nippon denies the allegations of Paragraph 78 directed at All Nippon. To the extent that Paragraph 78 is deemed to require a response with respect to the other Defendants, All Nippon lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

## PRAYER FOR RELIEF

All Nippon requests that the Court deny all relief to CEATS, including that requested by CEATS in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

All Nippon's Affirmative Defenses are listed below. All Nippon reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

79. CEATS failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

80. All Nippon does not infringe and has not infringed any claim of the Patents-in-Suit under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## THIRD DEFENSE

81. The Patents-in-Suit are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and 112.

## FOURTH DEFENSE

82. To the extent that CEATS, its alleged predecessors in interest to the Patents-in-Suit and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that All Nippon's actions allegedly infringed the Patents-in-Suit, All Nippon is not liable to CEATS for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

## FIFTH DEFENSE

83. To the extent that CEATS asserts that All Nippon indirectly infringes, either by contributory infringement or inducement of infringement, All Nippon is not liable to CEATS for the acts alleged to have been performed before All Nippon knew that its actions would cause indirect infringement.

## SIXTH DEFENSE

84. CEATS's attempted enforcement of the Patents-in-Suit against All Nippon is barred by laches and estoppel.

## COUNTERCLAIMS

### The Parties

85. Counterclaim Plaintiff All Nippon Airways Co., Ltd. is a foreign company with its principal place of business at Tokyo, Japan, and United States offices in Los Angeles, New York, San Francisco, Washington D.C., Chicago, and Honolulu.

86. On information and belief based solely on Paragraph 1 of the Complaint as pled by CEATS, CEATS is a Nevada corporation, with its principal place of business at Tyler, Texas.

### Jurisdiction

87. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

88. Venue may be made in this District, and in the Tyler Division, pursuant to at least 28 U.S.C. §§ 1391 and 1400.

### Count I

### Declaratory Relief Regarding Non-infringement

89. Based on CEATS's filing of this action and All Nippon's Second, Fourth, Fifth, and Sixth Defenses, an actual controversy has arisen and now exists between the parties as to whether All Nippon infringes the Patents-in-Suit.

90. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, All Nippon requests a declaration by the Court that it does not infringe any claim of the Patents-in-Suit under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

### Count II

### Declaratory Relief Regarding Invalidity

91. Based on CEATS's filing of this action and All Nippon's Third Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patents-in-Suit.

92. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, All Nippon requests a declaration by the Court that the claims of the Patents-in-Suit are invalid.

### PRAYER

All Nippon respectfully requests a judgment against CEATS as follows:

A. A declaration that All Nippon does not infringe, under any theory, any valid claim of the Patents-in-Suit that may be enforceable;

B. A declaration that the asserted claims of the Patents-in-Suit are invalid;

C. A declaration that CEATS take nothing by its Complaint;

D. Judgment against CEATS and in favor of All Nippon;

E. Dismissal of the Complaint with prejudice;

F. An award to All Nippon of their costs and attorneys' fees incurred in this action; and

G. Further relief as the Court may deem just and proper.

### JURY DEMAND

All Nippon hereby demands trial by jury on all issues.

Dated: August 9, 2010

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
Neil J. McNabnay
Texas Bar No. 24002583
njm@fr.com
Britnee M. Reamy
Texas Bar No. 24053439
bmr@fr.com
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 - Telephone
(214) 747-2091 – Facsimile

**Counsel for Defendant**
**ALL NIPPON AIRWAYS CO., LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 9, 2010, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Neil J. McNabnay*
Neil J. McNabnay