**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| CEATS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 6:10-cv-120 LED |
| | ) | |
| CONTINENTAL AIRLINES, INC., | ) | |
| GRANADA THEATER, | ) | |
| LIVE NATION WORLDWIDE, INC., | ) | |
| TICKETMASTER, L.L.C., | ) | **SECOND AMENDED COMPLAINT** |
| TICKETS.COM, INC., | ) | |
| TICKET SOFTWARE, L.L.C., | ) | |
| TICKETNETWORK, INC., | ) | **JURY TRIAL DEMANDED** |
| TICKETSNOW.COM, INC., | ) | |
| TNOW ENTERTAINMENT GROUP, INC., | ) | |
| AEROSVIT AIRLINES, C.J.S.C., | ) | |
| AIR CHINA, LTD., | ) | |
| AIR EUROPA LINEAS AEREAS, S.A.U., | ) | |
| AIRTRAN AIRWAYS, INC., | ) | |
| ALASKA AIRLINES, INC., | ) | |
| HORIZON AIR INDUSTRIES, INC. (dba | ) | |
| HORIZON AIR), | ) | |
| ALL NIPPON AIRWAYS CO., LTD., | ) | |
| AEROVÍAS DEL CONTINENTE | ) | |
| AMERICANO S.A. (dba AVIANCA), | ) | |
| BRENDAN AIRWAYS, L.L.C. (dba USA | ) | |
| 3000 AIRLINES), | ) | |
| CARIBBEAN AIRLINES, LTD., | ) | |
| CONCUR TECHNOLOGIES, INC., | ) | |
| DELTA AIR LINES, INC., | ) | |
| EGYPTAIR AIRLINES, CO., | ) | |
| FRONTIER AIRLINES, INC., | ) | |
| JETBLUE AIRWAYS CORPORATION, | ) | |
| MALAYSIA AIRLINE SYSTEM BERHAD, | ) | |
| QATAR AIRWAYS COMPANY Q.C.S.C., | ) | |
| ALIA – THE ROYAL JORDANIAN, PLC, | ) | |
| TAM S.A., | ) | |
| THAI AIRWAYS INTERNATIONAL | ) | |
| PUBLIC CO., LTD., | ) | |
| UNITED AIR LINES, INC., | ) | |
| US AIRWAYS, INC., and | ) | |
| VIRGIN AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

Plaintiff CEATS, Inc. hereby amends its complaint for patent infringement against Defendant Continental Airlines, Inc., as follows:

Plaintiff CEATS, Inc. hereby brings this complaint for patent infringement against Continental Airlines, Inc., Granada Theater, Live Nation Worldwide, Inc., Ticketmaster, L.L.C., Tickets.com, Inc., Ticket Software, L.L.C., TicketNetwork, Inc., TicketsNow.com, Inc., TNow Entertainment Group, Inc., AeroSvit Airlines, C.J.S.C., Air China, Ltd., Air Europa Lineas Aereas, S.A.U., AirTran Airways, Inc., Alaska Airlines, Inc., Horizon Air Industries, Inc., (dba Horizon Air), All Nippon Airways, Co., Ltd., Aerovías del Continente Americano S.A., (dba Avianca), Brendan Airways, L.L.C., (dba USA 3000 Airlines), Caribbean Airlines, Ltd., Concur Technologies, Inc., Delta Air Lines, Inc., EgyptAir Airlines, Co., Frontier Airlines, Inc., JetBlue Airways Corporation, Malaysia Airline System Berhad, Qatar Airways Company Q.C.S.C., Alia - The Royal Jordanian, PLC, TAM S.A., Thai Airways International Public Co., Ltd., United Air Lines, Inc., US Airways, Inc., and Virgin America, Inc., and alleges as follows:

## PARTIES

1.      Plaintiff CEATS, Inc. ("CEATS") is a Nevada corporation with its principal place of business at Tyler, Texas.

2.      On information and belief, Defendant Continental Airlines, Inc. ("Continental") is a Delaware corporation with its principal place of business at Houston, Texas.  On information and belief, Continental conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.continental.com.

3.      On information and belief, Defendant Granada Theater ("Granada Theater") is a Texas Limited Partnership with its principal place of business at Dallas, Texas.  On information and belief, Granada Theater conducts its business throughout the United States and in this judicial district, including by offering for sale and selling tickets through its website, www.granadatheater.com.

4.      On information and belief, Defendant Live Nation Worldwide, Inc. ("Live Nation") is a Delaware corporation with its principal place of business at Beverly Hills, California.  On information and belief, Live Nation conducts its business throughout the United States and in this judicial district, including by offering for sale and selling tickets through its website, www.livenation.com.

5.      On information and belief, Defendant Ticketmaster, L.L.C. ("Ticketmaster") is a Virginia company with its principal place of business at West Hollywood, California.   On information and belief, Ticketmaster conducts its business throughout the United States and in this judicial district, including by offering for sale and selling tickets through its website, www.ticketmaster.com.

6.      On information and belief, Defendant Tickets.com ("Tickets") is a Delaware corporation with its principal place of business at Costa Mesa, California.  On information and belief, Tickets conducts its business throughout the United States and in this judicial district, including by offering for sale and selling tickets through its website, www.tickets.com.

7.      On information and belief, Defendants Ticket Software, L.L.C. is a Connecticut limited liability company with its principal place of business at Vernon, Connecticut.  TicketNetwork, Inc. is a Delaware corporation with its principal place of business at Vernon, Connecticut.  They are referred to herein collectively as "TicketNetwork."  On information and

belief, TicketNetwork conducts its business throughout the United States and in this judicial district, including by offering for sale and selling tickets through its website, www.ticketnetwork.com.

8.      On information and belief, Defendant Ticketsnow.com, Inc. and TNow Entertainment Group, Inc. (collectively "TicketsNow") are Illinois corporations with their principal place of business at Rolling Meadows, Illinois.  On information and belief, TicketsNow conducts its business throughout the United States and in this judicial district, including by offering for sale and selling tickets through its website, www.ticketsnow.com.

9.      On information and belief, Defendant AeroSvit Airlines, C.J.S.C. ("AeroSvit") is a foreign company with its principal place of business at Kiev, Ukraine and United States offices in New York.  On information and belief, AeroSvit conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.aerosvit.com.

10.     On information and belief, Defendant Air China, Ltd. ("Air China") is a foreign company with its principal place of business at Beijing, China and United States offices in Los Angeles, New York, and San Francisco.  On information and belief, Air China conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.airchina.com.

11.     On information and belief, Defendant Air Europa Lineas Aereas, S.A.U. ("Air Europa") is a foreign company with its principal place of business at Mallorca, Spain and United States offices in New York and Miami.  On information and belief, Air Europa conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.aireuropa.com.

12.     On information and belief, Defendant AirTran Airways, Inc. is a Delaware corporation ("AirTran") with its principal place of business at Orlando, Florida.  On information and belief, AirTran conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.airtran.com.

13.     On information and belief, Defendant Alaska Airlines, Inc. is an Alaska corporation with its principal place of business at Seattle, Washington. Horizon Air Industries, Inc., (dba Horizon Air), is a Washington corporation with its principal place of business at Seattle, Washington.  They are referred to herein collectively as "Alaska Air."  On information and belief, Alaska Air conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.alaskaair.com.

14.     On information and belief, Defendant All Nippon Airways Co., Ltd. ("All Nippon") is a foreign company with its principal place of business at Tokyo, Japan and United States offices in Los Angeles, New York, San Francisco, Washington D.C., Chicago, and Honolulu.  On information and belief, All Nippon conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.ana.co.jp.

15.     On information and belief, Defendant Aerovías del Continente Americano S.A., (dba Avianca) ("Avianca"), is a foreign company with its principal place of business at Bogota, Colombia and United States offices in Fort Lauderdale, Los Angeles, Miami, New Jersey, New York, and Washington DC.  On information and belief Avianca conducts its business throughout the United States and in this judicial district, including by offering for sale and selling tickets through its website, www.avianca.com.

16.     On information and belief, Defendant Brendan Airways, L.L.C., (dba USA 3000 Airlines) ("USA 3000"), is a Delaware company with its principal place of business at Newtown Square, Pennsylvania.  On information and belief, USA 3000 conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.usa3000.com.

17.     On information and belief, Defendant Caribbean Airlines, Ltd. ("Caribbean Airlines") is a foreign company with its principal place of business at Trinidad and Tobago and United States offices in Fort Lauderdale, Miami, and New York.  On information and belief, Caribbean Airlines conducts its business throughout the United States and in this judicial district, including by offering for sale and selling tickets through its website, www.caribbean-airlines.com.

18.     On information and belief, Defendant Concur Technologies, Inc. ("Concur") is a Delaware corporation with its principal place of business at Redmond, Washington.  On information and belief, Concur conducts its business throughout the United States and in this judicial district, including by offering for sale and selling tickets through its website, www.concursolutions.com.

19.     On information and belief, Defendant Delta Air Lines, Inc. ("Delta") is a Delaware corporation with its principal place of business at Atlanta, Georgia.  On information and belief, Delta conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.delta.com.

20.     On information and belief, Defendant EgyptAir Airlines, Co. ("EgyptAir") is a foreign company with its principal place of business at Cairo, Egypt and United States offices in Chicago, Los Angeles, New York, and San Francisco.  On information and belief, EgyptAir

conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.egyptair.com.

21.     On information and belief, Defendant Frontier Airlines, Inc. ("Frontier") is a Delaware corporation with its principal place of business at Denver, Colorado.  On information and belief, Frontier conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.frontierairlines.com.

22.     On information and belief, Defendant JetBlue Airways Corporation ("JetBlue"), is a Delaware corporation with its principal place of business at Forest Hills, New York.  On information and belief JetBlue conducts its business throughout the United States and in this judicial district, including by offering for sale and selling tickets through its website, www.jetblue.com.

23.     On information and belief, Defendant Malaysia Airline System Berhad ("Malaysia Airlines") is a foreign company with its principal place of business at Selangor, Malaysia and United States offices in Los Angeles and New York.  On information and belief, Malaysia Airlines conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.malaysiaairlines.com.

24.     On information and belief, Defendant Qatar Airways Company Q.C.S.C. ("Qatar"), is a foreign company with its principal place of business at Doha, Qatar and United States offices in Chicago, Houston, New York, and Washington DC.  On information and belief Qatar conducts its business throughout the United States and in this judicial district, including by offering for sale and selling tickets through its website, www.qatarairways.com.

25.     On information and belief, Defendant Alia - The Royal Jordanian, PLC ("Royal Jordanian") is a foreign company with its principal place of business at Amman, Jordan and United States offices in Chicago, Detroit, and New York.  On information and belief, Royal Jordanian conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.rj.com.

26.     On information and belief, Defendant TAM S.A. ("TAM") is a foreign company with its principal place of business at Sao Paulo, Brazil and United States offices in Atlanta, Chicago, Los Angeles, Miami, Orlando, New York, and Washington D.C.  On information and belief, TAM conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.tam.com.br.

27.     On information and belief, Defendant Thai Airways International Public Co., Ltd. ("Thai Airways") is a foreign company with its principal place of business at Bangkok, Thailand and United States offices in Los Angeles and New York.  On information and belief, Thai Airways conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.thaiair.com.

28.     On information and belief, Defendant United Air Lines, Inc. ("United") is a Delaware corporation with its principal place of business at Chicago, Illinois.  On information and belief, United conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.united.com.

29.     On information and belief, Defendant US Airways, Inc. ("US Airways") is a Delaware corporation with its principal place of business at Tempe, Arizona.  On information and belief, US Airways conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website,

www.usairways.com.

30.     On information and belief, Defendant Virgin America, Inc. ("Virgin America") is a Delaware corporation with its principal place of business at Burlingame, California.  On information and belief, Virgin America conducts its business throughout the United States and in this judicial district, including by offering for sale and selling airline tickets through its website, www.virginamerica.com.

## JURISDICTION AND VENUE

31.     This action is for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271(a), (b), (c), and/or (f).  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

32.     The Court has personal jurisdiction over the Defendants.  Among other reasons, upon information and belief, Defendants have done business in this judicial district, have continuous and systematic contacts with this district, have committed and continue to commit acts of patent infringement in this judicial district, and have harmed and continue to harm CEATS in this judicial district by, among other things, using infringing seat selection ticketing and reservation systems and/or methods to offer for sale and to sell tickets in this judicial district.

33.     Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other reasons, Defendants are subject to personal jurisdiction and have committed acts of patent infringement in this judicial district.

## GENERAL ALLEGATIONS

34.     On November 18, 2008, U.S. Patent No. 7,454,361 B1 ("the '361 patent") was issued by the United States Patent and Trademark Office ("USPTO") for an "Individual Seat Selection Ticketing and Reservation System."  A copy of the '361 patent is attached as Exhibit A.

35.     CEATS is the owner by assignment of the '361 patent and has the right to bring an action for infringement of the '361 patent.

36.     On June 16, 2009, U.S. Patent No. 7,548,866 B2 ("the '866 patent") was issued by the USPTO for a "Individual Seat Selection Ticketing and Reservation System."  A copy of the '866 patent is attached as Exhibit B.

37.     CEATS is the owner by assignment of the '866 patent and has the right to bring an action for infringement of the '866 patent.

38.     On June 16, 2009, U.S. Patent No. 7,548,869 B2 ("the '869 patent") was issued by the USPTO for a "System and Method for Selecting and Reserving Sets of Seats."  A copy of the '869 patent is attached as Exhibit C.

39.     CEATS is the owner by assignment of the '869 patent and has the right to bring an action for infringement of the '869 patent.

40.     On June 16, 2009, U.S. Patent No. 7,548,870 B2 ("the '870 Patent") was issued by the USPTO for a "System and Method for Selecting and Reserving Airline Seats."  A copy of the '870 patent is attached as Exhibit D.

41.     CEATS is the owner by assignment of the '870 patent and has the right to bring an action for infringement of the '870 patent.

42.     On February 9, 2010, U.S. Patent No. 7,660,728 B2 ("the '728 patent") was issued by the United States Patent and Trademark Office ("USPTO") for a "System and Method for Selecting and Reserving Airline Seats."  A copy of the '728 patent is attached as Exhibit E.

43.     CEATS is the owner by assignment of the '728 patent and has the right to bring an action for infringement of the '728 Patent.

44.    On February 9, 2010, U.S. Patent No. 7,660,729 B2 ("the '729 patent") was issued by the United States Patent and Trademark Office ("USPTO") for a "System and Method for Selecting and Reserving Airline Seats."  A copy of the '729 patent is attached as Exhibit F.

45.    CEATS is the owner by assignment of the '729 patent and has the right to bring an action for infringement of the '729 patent.

46.    On February 16, 2010, U.S. Patent No. 7,664,663 B2 ("the '663 patent") was issued by the United States Patent and Trademark Office ("USPTO") for a "System and Method for Displaying Airline Seats."  A copy of the '663 patent is attached as Exhibit G.

47.    CEATS is the owner by assignment of the '663 Patent and has the right to bring an action for infringement of the '663 Patent.

## COUNT I –INFRINGEMENT OF THE '361 PATENT

48.    CEATS restates and re-alleges each of the allegations in each of the previous paragraphs 1-47 of this complaint and incorporates them herein.

49.    Defendants Continental, Live Nation, Ticketmaster, AeroSvit, Air China, Air Europa, AirTran, Alaska Air, All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue, Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and Virgin America have infringed and continue to infringe – directly, contributorily, and/or by active inducement – one or more claims of the '361 Patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that embody or practice the inventions claimed in the '361 Patent. Such systems and methods include certain seat selection ticketing and reservation systems and methods since November 18, 2008, including their respective websites www.continental.com, www.livenation.com, www.ticketmaster.com, www.aerosvit.com, www.airchina.com, www.aireuropa.com, www.airtran.com, www.alaskaair.com, www.ana.co.jp, www.avianca.com,

www.usa3000.com, www.caribbean-airlines.com, www.concursolutions.com, www.delta.com, www.egyptair.com, www.frontierairlines.com, www.jetblue.com, www.malaysiaairlines.com, www.qatarairways.com, www.rj.com, www.tam.com.br, www.thaiair.com, www.united.com, www.usairways.com, and www.virginamerica.com.

50.     For example, each of the foregoing Defendants identified in this Count directly infringes the '361 patent by operating its server(s) and/or database(s) for its corresponding website identified herein, or alternatively, indirectly infringes the '361 patent by contributing to and/or actively inducing others to operate server(s) and/or database(s) for its corresponding website identified herein.

51.     This infringement of the '361 Patent has injured and continues to injure CEATS, and will cause irreparable harm unless such infringement is enjoined.

## COUNT II –INFRINGEMENT OF THE '866 PATENT

52.     CEATS restates and re-alleges each of the allegations in each of the previous paragraphs 1-47 of this complaint and incorporates them herein.

53.     Defendants Continental, Live Nation, Ticketmaster, AeroSvit, Air China, Air Europa, AirTran, Alaska Air, All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue, Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and Virgin America have infringed and continue to infringe – directly, contributorily, and/or by active inducement – one or more claims of the '866 Patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that embody or practice the inventions claimed in the '866 Patent. Such systems and methods include certain seat selection ticketing and reservation systems and methods since December 5, 2008, including their respective websites www.continental.com, www.livenation.com,       www.ticketmaster.com,       www.aerosvit.com,       www.airchina.com,

www.aireuropa.com, www.airtran.com, www.alaskaair.com, www.ana.co.jp, www.avianca.com, www.usa3000.com, www.caribbean-airlines.com, www.concursolutions.com, www.delta.com, www.egyptair.com, www.frontierairlines.com, www.jetblue.com, www.malaysiaairlines.com, www.qatarairways.com, www.rj.com, www.tam.com.br, www.thaiair.com, www.united.com, www.usairways.com, and www.virginamerica.com.

54.     For example, each of the foregoing Defendants identified in this Count directly infringes the '866 patent by operating its server(s) and/or database(s) for its corresponding website identified herein, or alternatively, indirectly infringes the '866 patent by contributing to and/or actively inducing others to operate server(s) and/or database(s) for its corresponding website identified herein.

55.     This infringement of the '866 Patent has injured and continues to injure CEATS, and will cause irreparable harm unless such infringement is enjoined.

## COUNT III –INFRINGEMENT OF THE '869 PATENT

56.     CEATS restates and re-alleges each of the allegations in each of the previous paragraphs 1-47 of this complaint and incorporates them herein.

57.     Defendants Granada Theater, Live Nation, Ticketmaster, Tickets, TicketNetwork, and TicketsNow have infringed and continue to infringe – directly, contributorily, and/or by active inducement – one or more claims of the '869 Patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that embody or practice the inventions claimed in the '869 Patent.  Such systems and methods include certain seat selection ticketing and reservation systems and methods since June 16, 2009, including their respective websites www.granadatheater.com, www.livenation.com, www.ticketmaster.com, www.tickets.com, www.ticketnetwork.com, and www.ticketsnow.com.

58.     For example, each of the foregoing Defendants identified in this Count directly infringes the '869 patent by operating its server(s) and/or database(s) for its corresponding website identified herein, or alternatively, indirectly infringes the '869 patent by contributing to and/or actively inducing others to operate server(s) and/or database(s) for its corresponding website identified herein.

59.     Tickets has had actual knowledge of the '869 Patent.  On information and belief, Tickets' infringement of the '869 Patent has been knowing and willful.

60.     This infringement of the '869 Patent has injured and continues to injure CEATS, and will cause irreparable harm unless such infringement is enjoined.

## COUNT IV –INFRINGEMENT OF THE '870 PATENT

61.     CEATS restates and re-alleges each of the allegations in each of the previous paragraphs 1-47 of this complaint and incorporates them herein.

62.     Defendants Continental, AeroSvit, Air China, Air Europa, AirTran, Alaska Air, All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue, Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and Virgin America have infringed and continue to infringe – directly, contributorily, and/or by active inducement – one or more claims of the '870 Patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that embody or practice the inventions claimed in the '870 Patent.  Such systems and methods include certain seat selection ticketing and reservation systems and methods since June 16, 2009, including their respective websites www.continental.com, www.aerosvit.com, www.airchina.com, www.aireuropa.com, www.airtran.com, www.alaskaair.com, www.ana.co.jp, www.avianca.com, www.usa3000.com, www.caribbean-airlines.com, www.concursolutions.com, www.delta.com, www.egyptair.com, www.frontierairlines.com,

www.jetblue.com,         www.malaysiaairlines.com,        www.qatarairways.com,        www.rj.com,

www.tam.com.br,        www.thaiair.com,        www.united.com,        www.usairways.com,        and

www.virginamerica.com.

63.     For example, each of the foregoing Defendants identified in this Count directly

infringes the '870 patent by operating its server(s) and/or database(s) for its corresponding

website identified herein, or alternatively, indirectly infringes the '870 patent by contributing to

and/or actively inducing others to operate server(s) and/or database(s) for its corresponding

website identified herein.

64.     This infringement of the'870 Patent has injured and continues to injure CEATS,

and will cause irreparable harm unless such infringement is enjoined.

## COUNT V –INFRINGEMENT OF THE '728 PATENT

65.     CEATS restates and re-alleges each of the allegations in each of the previous

paragraphs 1-47 of this complaint and incorporates them herein.

66.     Defendants Continental, AeroSvit, Air China, Air Europa, AirTran, Alaska Air,

All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue,

Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and

Virgin America have infringed and continue to infringe – directly, contributorily, and/or by

active inducement – one or more claims of the '728 Patent, by making, importing, offering to

sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that

embody or practice the inventions claimed in the '728 Patent.  Such systems and methods

include certain seat selection ticketing and reservation systems and methods since February 9,

2010, including their respective websites www.continental.com, www.aerosvit.com,

www.airchina.com, www.aireuropa.com, www.airtran.com, www.alaskaair.com, www.ana.co.jp,

www.avianca.com,             www.usa3000.com,             www.caribbean-airlines.com,

www.concursolutions.com,   www.delta.com,   www.egyptair.com,   www.frontierairlines.com,

www.jetblue.com,   www.malaysiaairlines.com,   www.qatarairways.com,   www.rj.com,

www.tam.com.br,   www.thaiair.com,   www.united.com,   www.usairways.com,   and

www.virginamerica.com.

67.     For example, each of the foregoing Defendants identified in this Count directly

infringes the '728 patent by operating its server(s) and/or database(s) for its corresponding

website identified herein, or alternatively, indirectly infringes the '728 patent by contributing to

and/or actively inducing others to operate server(s) and/or database(s) for its corresponding

website identified herein.

68.     This infringement of the '728 Patent has injured and continues to injure CEATS,

and will cause irreparable harm unless such infringement is enjoined.

## COUNT VI –INFRINGEMENT OF THE '729 PATENT

69.     CEATS restates and re-alleges each of the allegations in each of the previous

paragraphs 1-47 of this complaint and incorporates them herein.

70.     Defendants Continental, AeroSvit, Air China, Air Europa, AirTran, Alaska Air,

All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue,

Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and

Virgin America have infringed and continue to infringe – directly, contributorily, and/or by

active inducement – one or more claims of the '729 Patent, by making, importing, offering to

sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that

embody or practice the inventions claimed in the '729 Patent.  Such systems and methods

include certain seat selection ticketing and reservation systems and methods since February 9,

2010,     including     their     respective     websites    www.continental.com,     www.aerosvit.com,

www.airchina.com, www.aireuropa.com, www.airtran.com, www.alaskaair.com, www.ana.co.jp,

www.avianca.com, www.usa3000.com, www.caribbean-airlines.com, www.concursolutions.com, www.delta.com, www.egyptair.com, www.frontierairlines.com, www.jetblue.com, www.malaysiaairlines.com, www.qatarairways.com, www.rj.com, www.tam.com.br, www.thaiair.com, www.united.com, www.usairways.com, and www.virginamerica.com.

71.    For example, each of the foregoing Defendants identified in this Count directly infringes the '729 patent by operating its server(s) and/or database(s) for its corresponding website identified herein, or alternatively, indirectly infringes the '729 patent by contributing to and/or actively inducing others to operate server(s) and/or database(s) for its corresponding website identified herein.

72.    This infringement of the'729 Patent has injured and continues to injure CEATS, and will cause irreparable harm unless such infringement is enjoined.

## COUNT VII –INFRINGEMENT OF THE '663 PATENT

73.    CEATS restates and re-alleges each of the allegations in each of the previous paragraphs 1-47 of this complaint and incorporates them herein.

74.    Defendants Continental, AeroSvit, Air China, Air Europa, AirTran, Alaska Air, All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue, Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and Virgin America have infringed and continue to infringe – directly, contributorily, and/or by active inducement – one or more claims of the '663 Patent, by making, importing, offering to sell, selling, causing to be supplied, using, and/or causing to be used systems and methods that embody or practice the inventions claimed in the '663 Patent.  Such systems and methods include certain seat selection ticketing and reservation systems and methods since February 16, 2010, including their respective websites www.continental.com, www.aerosvit.com,

www.airchina.com, www.aireuropa.com, www.airtran.com, www.alaskaair.com, www.ana.co.jp, www.avianca.com, www.usa3000.com, www.caribbean-airlines.com, www.concursolutions.com, www.delta.com, www.egyptair.com, www.frontierairlines.com, www.jetblue.com, www.malaysiaairlines.com, www.qatarairways.com, www.rj.com, www.tam.com.br, www.thaiair.com, www.united.com, www.usairways.com, and www.virginamerica.com.

75.     For example, each of the foregoing Defendants identified in this Count directly infringes the '663 patent by operating its server(s) and/or database(s) for its corresponding website identified herein, or alternatively, indirectly infringes the '663 patent by contributing to and/or actively inducing others to operate server(s) and/or database(s) for its corresponding website identified herein.

76.     This infringement of the'663 Patent has injured and continues to injure CEATS, and will cause irreparable harm unless such infringement is enjoined.

## PRAYER FOR RELIEF

WHEREFORE, CEATS prays for judgment and relief as follows:

A.      Judgment that Defendants Continental, Live Nation, Ticketmaster, AeroSvit, Air China, Air Europa, AirTran, Alaska Air, All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue, Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and Virgin America have infringed the '361 patent;

B.      Judgment that Defendants Continental, Live Nation, Ticketmaster, AeroSvit, Air China, Air Europa, AirTran, Alaska Air, All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue, Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and Virgin America have infringed the '866 patent;

C.      Judgment that Defendants Granada Theater, Live Nation, Ticketmaster, Tickets, TicketNetwork, and TicketsNow have infringed the '869 patent;

D.      Judgment that Defendants Continental, AeroSvit, Air China, Air Europa, AirTran, Alaska Air, All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue, Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and Virgin America have infringed the '870 patent;

E.      Judgment that Defendants Continental, AeroSvit, Air China, Air Europa, AirTran, Alaska Air, All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue, Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and Virgin America have infringed the '728 patent;

F.      Judgment that Defendants Continental, AeroSvit, Air China, Air Europa, AirTran, Alaska Air, All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue, Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and Virgin America have infringed the '729 patent;

G.      Judgment that Defendants Continental, AeroSvit, Air China, Air Europa, AirTran, Alaska Air, All Nippon, Avianca, USA 3000, Caribbean Airlines, Concur, Delta, EgyptAir, Frontier, JetBlue, Malaysia Airlines, Qatar, Royal Jordanian, TAM, Thai Airways, United, US Airways, and Virgin America have infringed the '663 patent;

H.      an award of preliminary and permanent injunctions enjoining each of the Defendants, and its agents, servants, officers, directors, employees, and persons or entities acting in concert with Defendants, from infringing directly or indirectly, inducing others to infringe, and/or contributing to the infringement of the '361, '866, '869, '870, '728, '729, and the '663 patents;

I.      An award to CEATS for the damages necessary to compensate it for Defendants' infringement of the '361, '866, '869, '870, '728, '729, and/or the '663 patents pursuant to 35 U.S.C. § 284;

J.      An award to CEATS of enhanced damages for the willful infringement of the '361, '866, '869, '870, '728, '729, and/or the '663 patents pursuant to 35 U.S.C. § 284;

K.      An award to CEATS of its attorneys' fees, costs, expert witness fees, and expenses incurred by CEATS in connection with this action pursuant to 35 U.S.C. § 285;

L.      prejudgment and post-judgment interest; and

M.      any other and further relief as the Court deems equitable and appropriate.

## DEMAND FOR JURY TRIAL

CEATS hereby demands a trial by jury on all issues so triable.

Dated:  October 5, 2010                    MCDERMOTT WILL & EMERY LLP

/s/ Fay E. Morisseau
Fay E. Morisseau (Texas Bar No. 14460750)
18191 Von Karman Avenue, Suite 500
Irvine, California 92612-7108
Ph: 949.851.0633
Email: fmorisseau@mwe.com

J. Thad Heartfield, Jr.
Texas Bar No. 09346800
Law Offices of J. Thad Heartfield
2195 Dowlen Road
Beaumont, TX 77706
Tel:   409.866.3318 (ext. 1)
Fax:  409.866.5789
Email: thad@jth-law.com

Daniel R. Foster
Christopher D. Bright
MCDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA  92612-7108
(949) 757-7103
Email: dfoster@mwe.com
Email: cbright@mwe.com

Michael S. Nadel
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C., 20005-3096
(202) 756-8000
Email: mnadel@mwe.com

***Counsel for CEATS, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2010, the foregoing was electronically filed with the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Fay E. Morisseau
Fay E. Morisseau

DM_US 26547170-2.086484.0011