**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CEATS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 6:10-cv-120 LED |
| v. ) | |
| ) | |
| CONTINENTAL AIRLINES, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
(LETTER ROGATORY FOR JOHN KEELLS COMPUTER SERVICES LIMITED)**

TO THE APPROPRIATE JUDICIAL AUTHORITY IN SRI LANKA:

The United States District Court for the Eastern District of Texas, Tyler Division, presents its greetings and compliments to the Judicial Authority of India and respectfully requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter. A trial on this matter is scheduled at present for May 12, 2012 in Tyler, Texas, United States of America.

**NATURE OF PROCEEDINGS**

In the above-referenced legal action, plaintiff CEATS, Inc. ("CEATS") alleges that it owns United States Patent No. 7,454,361 B1, U.S. Patent No. 7,548,866 B2, U.S. Patent No. 7,548,869 B2, U.S. Patent No. 7,548,870 B2, U.S. Patent No. 7,660,728 B2, U.S. Patent No. 7,660,729 B2, and U.S. Patent No. 7,664,663 B2. CEATS further alleges that the named defendants, including defendant Qatar Airways Q.C.S.C. ("Qatar") infringed and continues to infringe the asserted patents by importing, making, importing, offering to sell, selling, causing to

be supplied, using, and/or causing to be used systems and methods that embody or practice the inventions claimed in the asserted patents. Such systems and methods include certain seat selection ticketing and reservation systems. John Keells Computer Services (Private) Limited, located in Sri Lanka, was identified by defendant Qatar Airways Q.C.S.C. ("Qatar") as having involvement in the design, development, and/or operation of the Qatar Airways Online Reservation System found at www.qatarairways.com.

CEATS seeks judgments of infringement and damages for each defendant's infringement of the asserted patents, including interests, expenses, costs and attorneys' fees, and the grant of injunctive relief.

It has been represented to this Court that John Keells Computer Services (Private) Limited is located at:

John Keells Computer Services (Private) Limited

# 148, Vauxhall Street,

Colombo 02, SRI LANKA

**ASSISTANCE REQUESTED**

This Court respectfully requests that the Appropriate Judicial Authority obtain evidence from John Keells Computer Services (Private) Limited, specifically, documents responsive to the requests identified in Schedule A and in accordance with the instructions set forth in Schedule A.

**RESPONSIBILITY FOR COSTS AND RECIPROCITY**

Plaintiffs counsel, McDermott Will & Emery LLP, 600 Thirteenth Street, N.W., Washington, D.C. 20005, USA, stands ready to reimburse your authority for all expenses incurred in executing this request for judicial assistance.

This Court also assures your authority that it will reciprocate with similar assistance in like cases and extends to the Judicial Authorities in India the assurance of its highest consideration.

Date: _____                               By:_____
                                                                                   Honorable Leonard Davis
                                                                                   United States District Court Judge
                                                                                   United States District Court for the
                                                                                          Eastern District of Texas
                                                                                  211 W. Ferguson Third Floor
                                                                                  Tyler, Texas 75702
                                                                                  UNITED STATES OF AMERICA
                                                                                       Tel.: 903-590-1084
                                                                                       Fax: 903-590-1190

**(SEAL OF THE COURT)**        **So ORDERED and SIGNED this 21st day of December, 2010.**

                                                                               _____
                                                                               **LEONARD DAVIS**
                                                                               **UNITED STATES DISTRICT JUDGE**

## SCHEDULE A

## DEFINITIONS

1. The term "Qatar" shall mean, and refer to, Defendant Qatar Airways Q.C.S.C. and its predecessors, successors, subsidiaries, corporate parents, branches, departments, divisions, affiliates, and any other organization in which Qatar has a managing or controlling interest and attorneys, economists, auditors, accountants, consultants, employees, agents, representatives, officers, directors, and any person acting on behalf of Qatar.

2. The terms "JKCS" shall mean, and refer to, John Keells Computer Services (Private) Limited, and its predecessors, successors, subsidiaries, corporate parents, branches, departments, divisions, affiliates, and any other organization in which JKCS has a managing or controlling interest and attorneys, economists, auditors, accountants, consultants, employees, agents, representatives, officers, directors, and any person acting on behalf of JKCS.

3. The terms "You" or "Your," shall mean, and refer to JKCS, and its predecessors, successors, subsidiaries, corporate parents, branches, departments, divisions, affiliates, and any other organization in which JKCS has a managing or controlling interest and attorneys, economists, auditors, accountants, consultants, employees, agents, representatives, officers, directors, and any person acting on behalf of JKCS.

4. The term "patents-in-suit" shall mean, and refer to any one or all of U.S. Patent No. 7,454,361 B1 ("the '361 patent"), U.S. Patent No. 7,548,866 B2 ("the '866 patent"), U.S. Patent No. 7,548,869 B2 ("the '869 patent"), U.S. Patent No.

7,548,870 B2 ("the '870 Patent"), U.S. Patent No. 7,660,728 B2 ("the '728 patent"), U.S. Patent No. 7,660,729 B2 ("the '729 patent"), and U.S. Patent No. 7,664,663 B2 ("the '663 patent").

5. The term "Accused Instrumentalities" shall mean, and refer to systems and methods that embody or practice the inventions claimed in the '361, '866, '870, '728, '729, and the '663 patents. Such systems and methods include the Qatar Airways Online Reservation System found at www.qatarairways.com. The Qatar Airways Online Reservation System includes, but is not limited to, both the code on such server(s) and/or database(s) but also the code (e.g., HTML and JavaScript, etc.) which the Qatar Airways Online Reservation System System provides over a network to the client computer. The Qatar Airways Online Reservation System thus includes, but is not limited to, the code (e.g., HTML and JavaScript, etc.) that the Qatar Airways Online Reservation System sends to run at the client computer and to direct or control the client computer via web browser. Note that the use of the terms "server," "database," and "network" include both the singular and plural. Multiple servers, databases and networks may be utilized by the Accused Instrumentalities.

6. The term "source code" shall mean any computer code that constitutes, generates, or is otherwise related to software or firmware, including without limitation, source files, make files, intermediate output files, header files, resource files, library files, module definition files, map files, object files, linker files, browse information files, debug files, HTML, and scripting language code and JavaScript.

7. "Document" includes all electronically stored information (including but not limited to e-mail), communications, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained. If necessary, you must translate documents into a reasonably usable form. *See* Federal Rule of Civil Procedure 34(a).

8. "Concerning" should be construed in the broadest sense to mean describing, evidencing, comprising, constituting, or otherwise discussing in any way, whether directly or indirectly, the subject matter identified in the request.

9. When used in connection with a natural Person, "Identify," "Identity" or "Identification" shall include (a) the name, last known residence address, present employer and place of business, and telephone number; and (b) the individual's employer and job title at the time of the facts or information attributable to that person as set forth in the interrogatory or any response thereto.

10. When used in connection with an association, corporation, partnership, firm, joint venture, sole proprietorship, business agency or other legal or business entity of any kind, "Identify," "Identity" or "Identification" shall include name, address, and telephone number.

11. "Person" refers to any natural person, association, corporation, partnership, firm, joint venture, sole proprietorship, business agency or other legal or business entity of any kind and the acts and knowledge of any such person are defined to include the acts and knowledge of that person's directors, officers, members, employees, representatives, agents and attorneys.

## INSTRUCTIONS

1. The document requests should be answered in accordance with the Definitions and Instructions herein and Federal Rule of Civil Procedure 45.

2. If you withhold any document due to a claim of privilege or other protection, provide the information required by Federal Rule of Civil Procedure 45(d)(2)(A).

3. These requests demand all documents, objects, or other tangible things described in categories set forth below which are in your possession, custody, or control, of the possession, custody, or control of your predecessors, successors, subsidiaries, corporate parents, branches, departments, divisions, affiliates, and any other organization in which JKCS has a managing or controlling interest and attorneys, economists, auditors, accountants, consultants, employees, agents, representatives, officers, directors, and any person acting on behalf of JKCS.

4. All documents shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original file folders, binders, covers, or containers, or facsimiles thereof. Alternatively, all documents shall be produced, organized, and labeled to correspond to the categories in these requests.

5. Produce each document in its entirety, without deletions, redactions, or exclusions, regardless of whether you deem one part outside the scope of these Document Requests.

6. If a document once existed and has subsequently been lost, destroyed, or is otherwise unavailable for production, please state with respect to such document (i) the last known location of the document; (ii) the last date or time period the document was known to be in existence; (iii) the person who last had control or

custody of the document; (iv) the circumstances under which the document was destroyed or otherwise rendered unavailable for production; (v) whether the document was stored under conditions of controlled access and, if so, the names of all persons having access to the document; (vi) the person who requested or directed the destruction of the document; and (vii) the reasons for the request or direction resulting in the document becoming unavailable for production. Please also identify all persons capable of offering testimony on the subject matter or contents of the document destroyed or otherwise rendered unavailable for production.

7. Electronically stored information shall be produced in the form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable.

8. If you contend that a request herein is objectionable in whole or in part, state with particularity each objection, the reasons for the objection, and the categories of information to which the objection applies and you shall respond to the part of the request that is not objectionable.

9. These requests are not limited by date and are deemed to be continuing in nature so as to require amended and supplemental response to the extent called for by Rule 26(e) of the Federal Rules of Civil Procedure.

10. If no documents or things are responsive to a request, that fact should be stated in your response to each such request.

11. Until the Court enters a Protective Order in this litigation, it has ordered that Judge Davis' standard Protective Order shall govern, with the following modification. Documents designated CONFIDENTIAL, HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE shall be treated as "Protected Documents" under the Court's standard Protective Order. A copy of the Court's standard Protective Order is attached hereto and contains provisions relating to the protection of confidential information of third parties.

12. It is requested that electronic information be copied on a CD, DVD or hard drive.

13. It is requested that responsive documents and things, including electronic information, be sent to the offices of MCDERMOTT WILL & EMERY LLP, 600 Thirteenth Street, N.W., Washington, D.C. 20005. Upon request, McDermott Will & Emery will provide a FedEx account number to cover shipping expenses.

**DOCUMENTS AND THINGS TO BE PRODUCED**

**REQUEST NO. 1:**

All documents concerning the research, conception, design, development, architecture, structure, features, function, implementation, and/or operation of the Accused Instrumentalities.

**REQUEST NO. 2:**

Data sheets, specifications, schematics, application notes, technical designs, engineering change orders (or notices), engineering notebooks, flow charts, artwork, formulas, design notebooks, redesign notes, design meeting minutes, brochures, engineer drawings, and/or diagrams for the Accused Instrumentalities.

**REQUEST NO. 3:**

All design documents, requirement documents, system architectures, application programming interface documents, release notes, user guides, user manuals, and/or functional specifications concerning the Accused Instrumentalities.

**REQUEST NO. 4:**

All documents concerning the operation or use of the Accused Instrumentalities, including but not limited to brochures, marketing materials, manuals, guides, release notes, and/or Frequently Asked Questions (FAQ) documents.

**REQUEST NO. 5:**

All documents concerning any modifications, adaptations, or changes relating to the mouse-over feature of the Accused Instrumentalities, including without limitation, all documents concerning any adaptation of the mouse-over feature to touch-screens on cell-phones or touch-screens on tablet computers, and all documents concerning any adaptation of the mouse-over feature targeted to accessibility.

**REQUEST NO. 6:**

All documents concerning each version, extension, or revision of source code used in the Accused Instrumentalities, including the source code itself.

**REQUEST NO. 7:**

All documents concerning the architecture and locations of all equipment used by You associated with the operation of the Accused Instrumentalities.

**REQUEST NO. 8:**

All documents sufficient to show the cost-savings, incremental profits, or other benefits associated with implementing the Accused Instrumentalities, seat selection ticketing and reservation system, or mouse-over technology, including documents comparing these methods to previously used methods.

**REQUEST NO. 9:**

All documents concerning the costs, benefits, or advantages of purchasing tickets over the internet, including without limitation, all press releases, prospectuses, investor reports, transcripts from analyst calls, presentations, notes, or handouts.

**REQUEST NO. 10:**

All documents reflecting the benefits of the Accused Instrumentalities on Your business, including but not limited to any increased in revenues or decrease in costs.

**REQUEST NO. 11:**

All documents reflecting Your analysis of setting the prices of its tickets, increasing the prices of tickets or imposing fees in the prices of its tickets for offering additional services to its customers.

**REQUEST NO. 12:**

All documents concerning any suggestions, requests, complaints, or feedback received by You regarding the Accused Instrumentalities.

**REQUEST NO. 13:**

All documents provided to Your actual or potential customers regarding the Accused Instrumentalities, including but not limited to brochures, marketing materials, manuals, or guides.

**REQUEST NO. 14:**

All internal market studies or analyses, third-party commercial studies or analyses, market surveys, or documents analyzing Your Accused Instrumentalities or seat selection ticketing and reservation system and methods.

**REQUEST NO. 15:**

All documents concerning the costs associated with the implementation and maintenance of the Accused Instrumentalities, including without limitation documents concerning design, hosting, general and administrative expenses, research and development expenses, marketing, finance and accounting, or any other expenses.

**REQUEST NO. 16:**

All documents sufficient to show additional service, upgrade or add-on fees charged to passengers through the Accused Instrumentalities, including but not limited to fees charged for seat selection.

**REQUEST NO. 17:**

All documents sufficient to calculate the incremental profits associated with the Accused Instrumentalities, including without limitation documents related to incremental and variable costs.

**REQUEST NO. 18:**

All documents concerning Your efforts to market the Accused Instrumentalities, including, but not limited to, branding plans, marketing plans, business plans, sales plans, marketing budgets, sales budgets, sales forecasts, meeting minutes or notes, advertisements, press releases, statements to the media, presentation materials, and consultant reports.

**REQUEST NO. 19:**

All company monthly, quarterly, and annual statements, including profit and loss statements, statements of operations, balance sheets, statement of changes in financial position, statements of retained earnings, and notes thereto whether prepared for internal or external purposes.

**REQUEST NO. 20:**

All documents sufficient to establish the selling price, profit, revenue, margins, and cost of tickets sold by the Accused Instrumentalities, by quarter, or any other period by which the party keeps its records.