**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **CEATS, INC.** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CASE NO.  6:10cv120** |
| | § | **PATENT CASE** |
| **CONTINENTAL AIRLINES, INC.,** | § | |
| **ET AL.** | § | |
| | § | |
| **Defendants** | § | |

**ORDER**

Before the Court is Defendants' Expedited Motion For Issuance of Letter Rogatory (Doc. No. 701).  Defendants contend that they have located a prior art reference, the Amadeus 1a-Res system,  that was not cited by the Patent Office that allegedly renders one or more claims of the patents-in-suit invalid under 35 U.S.C. § 102 and/or 103.  (Doc. No. 701 at 2).  Accordingly, Defendants argue that Amadeus IT Group, the company that developed and operated the 1a-Res system, will have "unique knowledge" regarding the public availability and operation of the system. *Id.*

Plaintiff, CEATS, Inc. ("CEATS"), opposes Defendants' request for three reasons.  First, CEATS contends Defendants' request is unreasonably late given that the 1a-Res system was listed in Defendants' invalidity contentions served on December 14, 2010.  (Doc. No. 702 at 2).  Next, CEATS argues that Defendants' proposed Letter Rogatory is too broad because it is not limited to the 1a-Res systems and is effectively an end-run around this Court's prior orders because it requests settlement communications between CEATS and Amadeus.  *Id.*  Last, CEATS contends that Defendants' request is futile because the Spanish Central Authority has notified the Hague

Conference that it will not grant requests for pre-trial discovery of documents.  *Id.* at 2–3.

Defendants' request is exceedingly late given that fact discovery closes on December 8, 2011 and Defendants have known about the 1a-Res systems for at least a year.  Nonetheless, Defendants contend that their late request is a direct result of CEATS' refusal to allow Amadeus, a former Defendant in this suit, to voluntarily produce the material without compulsion.  (Doc. No. 706 at 1). Defendants also represent that they are interested in the public availability and technical operation of the 1a-Res system (Doc. No. 701 at 2), but their actual requests are broader.  For example, Defendants' request "[a]ll documents and communications with CEATS and any parent, subsidiary, division, affiliate, predecessor, or successor" and "[a]ll documents and correspondence related to the settlement of the Amadeus Defendants in the above-captioned lawsuit."  (Doc. No. 701, Ex. C at 12).  These requests are not related to the public availability and technical operation of the 1a-Res systems that Defendants characterize as "critical" to their defenses.  (Doc. No. 701 at 2).

Accordingly, the Court will **GRANT-IN-PART** Defendants request given their representation that this information is critical to their defenses.  However, Defendants are to submit a new request for issuance of letter rogatory that is limited to the public availability and technical operation of the 1a-Res system.  Further, given the late nature of this request, the Court will not adjust any deadlines as a result of the production of these materials and/or any related depositions.

**So ORDERED and SIGNED this 29th day of November, 2011.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**