IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CEATS, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CONTINENTAL AIRLINES, INC., et al.,<br><br>　　　　Defendants. | Civil Action No. 6:10-cv-120-LED |

### LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL MATTERS

The United States District Court for the Eastern District of Texas requests international judicial assistance to obtain evidence to be used in a civil proceeding in this Court in the above captioned matter.

1. **Sender:**

   United States District Court Eastern District of Texas
   211 West Ferguson Street
   Room 106
   Tyler, Texas 75702
   United States of America

2. **Central Authority of Spain:**

   Secretaría General Técnica
   Subdirección de Cooperación Jurídica Internacional
   Ministerio de Justicia
   c/ San Bernardo, 62
   28071 Madrid, Spain

3. **Person to whom the executed request is to be returned:**

   Judge Leonard E. Davis
   United States District Court Eastern District of Texas

211 West Ferguson Street
Room 106
Tyler, Texas 75702
United States of America

This Court requests the assistance described herein as necessary in the interests of justice.

4.  **In conformity with Article 3 of the Convention**, the undersigned applicant has the honor to submit the following request:

5.  (a)  **Requesting Judicial Authority:**

    United States District Court
    Eastern District of Texas
    United States District Court Eastern District of Texas
    211 West Ferguson Street
    Room 106
    Tyler, Texas 75702
    United States of America

    (b)  **To the Competent Authority of Spain:**

    Secretaría General Técnica
    Subdirección de Cooperación Jurídica Internacional
    Ministerio de Justicia
    c/ San Bernardo, 62
    28071 Madrid, Spain

6.  The names and addresses of the parties and their representatives are as follows:

    (a)  **Plaintiff:**

    CEATS, Inc.
    100 E. Ferguson St. #802
    Tyler, Texas 75702

    **Plaintiffs' Representatives:**

    Daniel R. Foster
    Christopher D. Bright
    Jennifer Kalnins Temple
    MCDERMOTT WILL & EMERY LLP
    18191 Von Karman Avenue, Suite 500
    Irvine, California 92612

2

    Michael S. Nadel
Rebecca A.H. Watson
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005

Natalie A. Bennett
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606

J. Thad Heartfield
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706

Fay E. Morisseau
MCDERMOTT WILL & EMERY LLP
1000 Louisiana Street, Suite 3900
Houston, Texas 77002

**(b)**    **Defendants:**

Tickets.com, Inc.

Continental Airlines, Inc.

Delta Air Lines, Inc.

United Air Lines, Inc.

Virgin America Inc.

TicketsNow.com, Inc.

Live Nation Worldwide, Inc.

Ticketmaster, L.L.C.

TNow Entertainment Group, Inc.

US Airways, Inc.

AirTran Airways, Inc.

TicketNetwork, Inc.

Ticket Software, L.L.C.

JetBlue Corporation,

Alaska Airlines, Inc.

Horizon Air Industries, Inc.

**Defendants' Representatives:**

Neil J. McNabnay
Carl E. Bruce
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201

John S. Goetz
Fish & Richardson P.C.
601 Lexington Avenue, Floor 52
New York, NY 10022

Karen Yeh
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Lauren Murphy Pringle
Fish & Richardson P.C.
222 Delaware Ave., 17th Floor
Wilmington, DE 19801

Tarek Ismail
Alan E. Littmann
Brian O'Donoghue
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
1 North Franklin Street, Suite 625
Chicago, IL 60606

Wesley Hill
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, TX 75601

Darin M. Klemchuk
Casey L. Griffith
Kelly J. Kubasta

KLEMCHUK KUBASTA LLP
8150 North Central Expwy., 10th Floor
Dallas, Texas 75206

Max Ciccarelli
State Bar No. 00787242
max.ciccarelli@tklaw.com
J. Michael Heinlen
State Bar No. 24032287
michael.heinlen@tklaw.com
Gary R. Sorden
State Bar No. 24066124
gary.sorden@tklaw.com
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700 (tel)
(214)969-1751 (fax)

William J. Cornelius
State Bar No. 04834700
wc@wilsonlawfirm.com
Wilson, Robertson & Cornelius, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092


Ronald W. Zdrojeski
Andrea Napp
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Tel: 860-275-8200
Email: rzdrojeski@rc.com
anapp@rc.com


Richard Twilley
McCORMICK, PAULDING & HUBER, LLP
CityPlace II, 18th Floor
185 Asylum Street
Hartford, CT 06103

      Tel.: (860) 549-5290
      E-mail: twilley@ip-lawyers.com

**(c)**     **Other Parties:**

      None at this time

**7.**     **Nature and purpose of the above captioned proceeding and summary of the facts:**

The above captioned matter relates to a patent infringement action brought by Plaintiff CEATS, Inc. pursuant to Title 35 of the United States Code section 271 against Defendants in the United States District Court for the Eastern District of Texas. CEATS alleges that Defendants use of online flight booking software infringes multiple patents allegedly owned by CEATS.

**8.**     **Evidence to be obtained or other judicial act to be performed:**

This Request seeks evidence in the form of questions posed to an individual or individuals at Amadeus IT Group that know(s) the answers to the questions set forth below. The request also seeks electronic and physical documents set forth below.

**9.**     **Identity and address of any person or entity to be examined and from whom documents and objects are requested:**

Amadeus IT Group, S.A.

Salvador de Madariaga 1

Madrid 28027, Spain

It is understood that representatives of Amadeus IT Group possess information, documents and objects that are sought by this Request, and that such individuals may need to be examined.

**10.**    **Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined:**

The subject matter upon which Amadeus IT Group is requested to be examined relate to

the Patents-in-Suit, the availability and operation of Amadeus' online reservation systems software, and the lawsuit pending in the United States between Plaintiff CEATS and Defendants.

This Court requests that the following topics be covered by questions put to the individual or individuals of Amadeus IT Group:

    A.    The public availability and technical operation of the 1a-Res system.

**11.** **Documents or other property to be inspected and copied:**

For purposes of clarifying certain terms used in the request for documents to be inspected and copied, we offer the following definitions to be used in interpreting the request:

    A.    "**Amadeus**," **You**," or "**Your**," means Amadeus IT Group, S.A. and any parent, subsidiary, division, affiliate, predecessor, or successor.

    B.    "**Patents-in-suit**" shall mean, and refer to any one or all of U.S. Patent No. 7,454,361 B1 ("the '361 patent"), U.S. Patent No. 7,548,866 B2 ("the '866 patent"), U.S. Patent No. 7,548,869 B2 ("the '869 patent"), U.S. Patent No. 7,548,870 B2 ("the '870 Patent"), U.S. Patent No. 7,660,728 B2 ("the '728 patent"), U.S. Patent No. 7,660,729 B2 ("the '729 patent"), and U.S. Patent No. 7,664,663 B2 ("the '663 patent").

    C.    "**Source code**" means any computer code that constitutes, generates, or is otherwise related to software or firmware, including without limitation, source files, make files, intermediate output files, header files, resource files, library files, module definition files, map files, object files, linker files, browse information files, debug files, HTML, and scripting language code and JavaScript

    D.    "**Person**" shall mean individual, individuals, business entity or entities, including but not limited to, associations, corporations, partnerships, or business trusts, any

federal, state, or local government or governmental agency, and any foreign government or foreign government agency or other organization recognizable at law and the "acts" of a person, are defined to include the acts of directors, officers, owners, members, employees, agents, representatives, or attorneys acting on the person's behalf.

E. "**Communication**" shall mean any form of oral or written interchange, whether in person, by telephone, by facsimile, by telex, by electronic mail, by voicemail, or by any other medium.

F. "**Document**" or "**documents**" shall mean any original and every non-identical copy or reproduction of any document, writing, or record within the broad context of Rule 34 of the Federal Rules of Civil Procedure, in your possession, custody, or control, including, but not limited to: any written, printed, typed, or other graphic matter of any kind or nature; any physical object or thing; all mechanical, magnetic, digital, or electric sound or video recordings or transcripts thereof, any retrievable data, communication (including but not limited to, electronic mail and web site information), information, or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also without limitation, agreements, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, electronic recordings, facsimile transmissions, files, films, graphs, inspection reports, instructions, letters, maps, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodicals,

      photocopies, photographs, plans, proposals, publications, published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips, transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers. "Document" and "documents" shall also mean all copies of documents, by whatever means made, and include all non-identical copies (whether different from the original because of any alterations, notes, comments or other material contained thereon or attached thereto, or otherwise). "Document" and "documents" shall also include any and all data compilations from which information can be obtained, including, for example, information from an Internet or Intranet web site. This definition further includes drafts of all "Document" and "documents." The term "Document" and "documents" shall also include all technical documents, defined as source code, specifications, schematics, flow charts, artwork, drawing, pictures, pictorial representations, formulas, troubleshooting guides, service bulletins, technical bulletins, production specification sheets, white papers, operator manuals, operation manuals, instruction manuals and all other documents sufficient to show the operation of any aspects or elements of seatmap or ticketing software related to the Patents-in-Suit, which includes all past and present releases, revisions, versions and upgrades.

G.    The terms "**and**" and "**or**" shall be construed as either conjunctive or disjunctive, whichever is more inclusive in content.

    H.      "**Including**" shall mean "including, but not limited to."

    I.      The terms "**refer**," "**relate**," "**concern**," "**referring**," "**relating**," or "**concerning**" shall be construed in the broadest sense to mean information (1) referring to, describing, evidencing, constituting, or otherwise discussing in anyway the subject matter identified in the request; (2) which contains or comprises any communication (including without limitation representations, requests, demands, studies, and analyses) referred to in these requests; or (3) which discusses, mentions, or refers, whether directly or indirectly, to the subject matter of the request.

    J.      The singular form of a word shall include the plural and vice versa, and terms in the present tense shall include terms in the past tense and vice versa.

    K.      The term "**all**" shall mean "**any and all**" and the term "**any**" shall mean "**any and all**."

This Court requests that the following documents and objects be copied and produced to this Court:

    A.      All documents and things, including but not limited to Source Code, related to the public availability and technical operation of the 1a-Res system.

**12.** **Any requirement that the evidence be given under oath or affirmation and any special form to be used.**

This Court requests that the evidence be given before an officer authorized by the law of the United States to administer oaths. In the event that the evidence cannot be taken in the manner requested, this Court requests that it is taken in such a manner as provided by the local law of Spain for the formal taking of evidence.

**13.** **Special methods or procedure to be followed:**

This court requests that a word for word transcript be taken of the questions posed to and answers given by the individual or individuals of Amadeus IT Group.

14. **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified:**

This Court requests that the Parties' representatives provided in Section 6 above be notified of the time and place for the execution of the Request.

This Court requests permission for one of more of Defendants' representatives, with or without the assistance of a Magistrate, to be present at the questioning of the individual or individuals from Amadeus IT Group.  This Court further requests that either one of Defendants' representatives, with or without the assistance of a Magistrate, pose the questions to the individual or individuals of Amadeus IT Group.

15. **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:**

This Court requests notification of the execution of the Letter of Request.

16. **Specification of privilege or the duty to refuse to give evidence under the law of the State of origin:**

Annexed hereto is a copy of the protective order of the United States District Court for the Eastern District of Texas governing the disclosure of documents and objects and an amendment to that order that protects the disclosure of such documents and objects by third parties.

17. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention:**

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Plaintiffs through its representative and any request for reimbursement should be addressed as follows:

Lauren Murphy Pringle

Fish & Richardson P.C.
222 Delaware Ave., 17th Floor
Wilmington, DE 19801

**18.**   **Date of Request:**   November 30, 2011

**19.**   **Signature and Seal of the Requesting Authority:**

_____
The Honorable Leonard E. Davis
United States District Court Judge for the Eastern District of Texas

THE SEAL OF THE COURT