# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CEATS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 6:10-cv-120 LED |
| v. | ) |
| | ) |
| CONTINENTAL AIRLINES, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CEATS' SURREPLY IN OPPOSITION TO TICKETS.COM'S MOTION TO COMPEL PRIVILEGED DOCUMENTS

Plaintiff CEATS, Inc. respectfully submits this surreply in opposition to Defendant Tickets.com's motion to compel the documents CEATS has withheld from discovery as protected by the attorney-client privilege or the work product doctrine. The motion to compel should be denied because there is nothing more that can be produced. The disputed items are privileged communications.

1. Tickets.com seeks to compel production of MSI's privileged communications with its attorneys. In its opposition, CEATS stated that "[b]y transferring its intellectual property rights to CEATS, MSI essentially transferred everything it had to CEATS." (Doc. No. 718 at 6). CEATS also noted that "the transfer came with a promise by CEATS to pay all of MSI's known debts." *Id.* CEATS stated: "After the Asset Purchase and Sale Agreement was executed, MSI was left with nothing—no assets and no known obligations. CEATS essentially took over MSI's business." *Id.*

In its reply, Tickets.com does not dispute any of these statements of fact.  Nor does Tickets.com deny that, under the Court's decision in *Soverain Software LLC v. Gap, Inc.*, 340 F. Supp. 2d 760 (E.D. Tex. 2004), these facts are sufficient to establish that the attorney-client privilege was transferred from MSI to CEATS through the execution of the Asset Purchase and Sale Agreement.

Instead, Tickets.com only argues that CEATS is trying to have it both ways, having previously stated in letters and court filings that MSI "is not a predecessor, successor, subsidiary, division, or affiliate of CEATS" and that CEATS' law firm "does not represent either MSI or CEATS." *Reply* at 1.  There is no contradiction, however.  The undisputed facts are:  (i) through the Asset Purchase and Sale Agreement, attached as *Ex. 1* to Tickets.com's Motion, MSI transferred its only business at the time—prosecuting the patents—to CEATS, which took over the prosecution and then the enforcement of the patents; and (ii) MSI maintained a distinct corporate form, retained its own counsel, and has gone about the business of winding down.  As a matter of law, MSI is *not* a corporate predecessor, successor, etc., of CEATS.  And *also* as a matter of law, CEATS took over MSI's only business operations and, as a result, MSI's privileged communications with the attorneys who prosecuted the patents can still be found protected by privilege, notwithstanding their transfer to CEATS.

CEATS also relied on the argument in its opposition that MSI's privileged communications are protected from disclosure because of the common interest between MSI and CEATS.  That includes MSI's communications both with its patent prosecutors and with its transactional attorney Gary Wykidal.  Tickets.com's reply does not address CEATS' argument.

2.  Regarding e-mail communications that CEATS has withheld as attorney-client privileged, Tickets.com writes that "[T]he entries in question are email strings that *may* include

emails that do not include any privileged communications." *Reply* at 3 (emphasis added). CEATS has produced those documents to Tickets.com that it believes could be produced, but concluded that withholding the e-mails at issue is appropriate. To date, CEATS has endeavored to resolve these privilege disputes without Court intervention. While the disputes presented in the motion to compel are significantly narrowed through CEATS' willingness to compromise, these good faith efforts have not satisfied Tickets.com. There is nothing more CEATS can say about the documents.

Tickets.com writes: "At a minimum, these documents should be reviewed *in camera* to determine whether they contain any privileged information and, if so, whether the documents also contain non-privileged information that can be produced after appropriate redaction." *Id*. at 4. As CEATS stated in its response brief, it willingly complies with the Discovery Order and is submitting the documents for *in camera* review.

3.   Tickets.com challenges CEATS' work product claims. Tickets.com originally argued in its motion that the documents were not work product because they did not involve an attorney. Tickets.com has made no attempt to refute the law establishing that work product need not be prepared by or for an attorney. Instead, Tickets.com argues that "CEATS cannot protect documents discussing potential litigation when the only business CEATS has ever had is litigation." *Id.* In its opposition, CEATS noted: "Tickets.com does not cite any support for this proposition." *Opp.* at 10. Tickets.com's reply still offers none.

Tickets.com argues that "[i]f CEATS is correct that such communications among individuals not acting as attorneys (such as Mr. Trad) can be protected as work product, nearly all of CEATS' communications could have been similarly protected." *Reply* at 4. Tickets.com is knocking down a straw man. CEATS has never suggested that because it is in the business of

3

litigation, all of its documents are work product. CEATS did *not* withhold "nearly all of [its] communications." CEATS evaluated which documents are protected by the work product doctrine, logged appropriately the documents that were withheld, and then attempted—sometimes successfully but sometimes unsuccessfully—to resolve any disputes with Defendants. The documents that CEATS continues to withhold pertain to discussions surrounding the decision to enforce its patents through litigation. They will be submitted to the Court for *in camera* review pursuant to the Discovery Order.

* * *

Tickets.com concludes its reply by attacking CEATS' conduct in discovery. Tickets.com notes that CEATS has produced 150 documents that were originally on its privilege log. CEATS' efforts to cooperate and narrow disputes between the parties should not be held against it, lest parties believe that the only way to resolve privilege fights is to bring them before the Court for *in camera* review. Civility amongst opposing parties is ingrained in this district's local practice. Motion practice for the sake of perceived tactical advantage is a poor use of judicial resources.

Although CEATS will provide documents for *in camera* review, CEATS believes it is clear from the motion papers that CEATS' privilege claims are proper and Tickets.com's challenges are incorrect. CEATS respectfully requests that the Court deny Tickets.com's motion.

Respectfully submitted,

| | |
|---|---|
| | */s/ Rebecca A.H. Watson* |
| Daniel R. Foster | J. Thad Heartfield (Texas Bar No. 09346800) |
| Christopher D. Bright | THE HEARTFIELD LAW FIRM |
| Jennifer Kalnins Temple | 2195 Dowlen Road |
| McDERMOTT WILL & EMERY LLP | Beaumont, Texas  77706 |
| 18191 Von Karman Avenue, Suite 500 | (409) 866-3318 |
| Irvine, California  92612 | |
| (949) 757-7103 | Fay E. Morisseau (Texas Bar. No. 14460750) |
| | McDERMOTT WILL & EMERY LLP |
| Michael S. Nadel | 1000 Louisiana Street, Suite 3900 |
| Rebecca A.H. Watson | Houston, Texas  77002 |
| McDERMOTT WILL & EMERY LLP | (713) 653-1700 |
| 600 Thirteenth Street, N.W. | |
| Washington, D.C. 20005 | |
| (202) 756-8000 | |
| | |
| Natalie A. Bennett | |
| McDERMOTT WILL & EMERY LLP | |
| 227 West Monroe Street | |
| Chicago, Illinois 60606 | |
| (312) 984-7631 | |

*Attorneys for Plaintiff CEATS, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 9, 2011, the foregoing was electronically filed with the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                                    <u>*/s/ Rebecca A.H. Watson*</u>
                                                    Rebecca A.H. Watson